**(101 South. 529)**

## Ex parte MARONEY.

## MARONEY v. STATE.

### (4 Div. 165.)

(Supreme Court of Alabama. Oct. 6, 1924.)

Indictment and information $\Longleftrightarrow$75(1)—Indictment, though dim, held sufficiently legible when reasonably clear.

Where, on inspection of original indictment in usual method, it appears reasonably clear, though somewhat dim, it is sufficient.

---

Petition of Tom Maroney for certiorari to the Court of Appeals to review and revise the judgment and decision there rendered in the case styled Tom Maroney v. State, 101 So. 528. Writ denied.

Guy W. Winn, of Clayton, for petitioner.

When an essential word in an indictment is so misspelled as to be meaningless, the indictment is bad. 22 Cyc. 292; Wood v. State, 50 Ala. 144; Griffith v. State, 90 Ala. 587, 8 So. 812; State v. Seay, 3 Stew. 123, 20 Am. Dec. 66; Parker v. State, 114 Ala. 690, 22 So. 791; Bridgeforth v. State (Ala. App.) 100 So. 564.

Harwell G. Davis, Atty. Gen., opposed.

Brief of counsel did not reach the Reporter.

SAYRE, J. Denying the application in this case, the court will not, be understood as concurring in the suggestion that defendants in criminal causes should be required to examine indictments under powerful glasses —by which we understand the Court of Appeals intends magnifying glasses creating more than normal vision—in order to ascertain the nature and cause of the accusations against them. As for this point the application is denied, for the reason that upon an inspection of the original indictment in the usual method of such things it appears to charge with reasonable clearness that defendant "did distill," etc.

There was no error in other rulings of the court.

Writ denied.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

Harwell G. Davis, Atty. Gen., opposed.